IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL LEE DOUGLAS,                    )
                                        )
            Petitioner,                 )
                                        )   1:16CV549
      v.                                )   1:01CR387-1
                                        )
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner was convicted in this Court of one count of carrying and using a pipe bomb

during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and (B)(ii). Petitioner filed

what the Court treated as a Motion [Doc. #76] to vacate, set aside, or correct sentence under

28 U.S.C. § 2255 and, after receiving permission from the United States Court of Appeals for

the Fourth Circuit to file a successive challenge to his conviction, he also filed an Amended

Motion [Doc. #79]. In both filings, he challenges his conviction based on Johnson v. United

States, 576 U.S. 591 (2015). The Court appointed counsel, but then, first on its own initiative

and then at the request of the parties, held the case in abeyance pending resolution of related

issues in the United States Supreme Court and Fourth Circuit. With all of those cases now

decided, the Court ordered that Respondent file a Response. The United States filed a Motion

[Doc. #99] requesting an extension of time to file its response, which will be granted. The

United States also filed a Status Report [Doc. #100] to which Petitioner filed a **Response** [Doc. #101]. The action is fully briefed and ready for a decision. As a result, the stay should be lifted and Petitioner's Motion under § 2255 addressed.

In its Status Report [Doc. #99], the Government now concedes that under recent case law, Petitioner's conviction for carrying and using a pipe bomb during and in relation to a crime of violence is invalid and should be vacated.[1] The Court will consider the case in light of the Government's concession.

Under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act, a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." Before Johnson, a crime was a "violent felony" if it was punishable by imprisonment of more than one year and had "as an element the use, attempted use, or threatened use of physical force against the person of another" or was "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(1)(B)(i) and (ii). However, Johnson invalidated as

---

.

[1] In making this concession, the Government affirmatively waives the defense of procedural default. The Court also treats the concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

2

unconstitutionally vague the "residual clause" of the statute, for any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Johnson, 576 U.S. at 606. Thus, to qualify as a "violent felony," a prior conviction must now come within either the enumerated offenses or the "use of force" clause. Johnson applies retroactively on collateral review as to Armed Career Criminals. See Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257 (2016).

Petitioner's statute of conviction, § 924(c), also contains a residual clause, found in § 924(c)(3)(B), defining "crime of violence" for purposes of that statute. In United States v. Davis, ___ U.S. ___, ___, 139 S. Ct. 2319, 2336 (2019), the United States Supreme Court also found that clause unconstitutional based on the reasoning of Johnson. Davis is retroactive on collateral review as well. United States v. Reece, 938 F.3d 630, 633-35 (5th Cir. 2019); United States v. Bowen, 936 F.3d 1091, 1097-1101 (10th Cir. 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019). The definition of "crime of violence" found in § 924(c)(3)(A), known and the "force clause" or "elements clause" remains valid following Davis. However, in light of recent case law cited by the Government, the predicate offense supporting Petitioner's conviction, damaging by means of fire or explosive a building used in interstate commerce in violation of 18 U.S.C § 844(i), does not satisfy that clause, but instead falls under the invalidated residual clause. United States v. Tsarnaev, 968 F. 3d. 24, 99-103 (1st Cir. 2020); United States v. Salas, 889 F.3d 681, 684 (10th Cir. 2018). For this reason, as the Government concedes, Petitioner's conviction is no longer valid and should be vacated.

3

Therefore, based on this determination, and based on the concession by the Government that Petitioner is entitled to relief under § 2255, the Court will recommend that Petitioner's Motion be granted and that his conviction be vacated.

IT IS THEREFORE ORDERED that Respondent's Motion [Doc. #99] for an extension of time to file a response is granted.

IT IS RECOMMENDED that the prior stay be lifted, that Petitioner's Motion [Doc. #76] to vacate set aside, or correct sentence, as amended, be granted, and that his conviction and the Judgment [Doc. #34] against him be vacated.

This, the 5th day of October, 2020.

       /s/ Joi Elizabeth Peake
United States Magistrate Judge

4